OPINION
{¶ 1} Appellant Kevin Singer appeals the sentence rendered by the Delaware County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On July 16, 2004 the Delaware County Grand Jury returned a two-count indictment for forgery felonies of the fifth degree, against the appellant. Count one alleged a forgery of Check No. 357 drawn on US Bank and count two was a similar allegation for Check No. 358. On January 3, 2005, the Appellant pled guilty to count one of the indictment and count two was dismissed. The appellant was then referred to a pre-sentence report.
 {¶ 3} On February 7, 2005 appellant was sentenced to a term of five (5) years of community control sanctions with certain terms and conditions imposed. At the time of the hearing, he was advised both from the bench and by the Judgment Entry of Sentence that: "[v]iolation of this sentence may lead to a longer or more restrictive sanction for the Defendant, including a prison term of twelve months."
 {¶ 4} On January 17, 2006 a motion was filed by the State alleging that the appellant had violated certain conditions of the community control sanctions previously imposed by the court. A hearing on that motion was held on January 18, 2006 at which time appellant admitted certain of the alleged violations and the remaining violations were dismissed. The court then revoked the community control sanctions and imposed the maximum sentence of twelve (12) months.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM SENTENCE.
 I. {¶ 7} In his sole assignment of error, appellant argues, in essence, that the trial court's imposition of a maximum sentence is unconstitutional pursuant to United States v. Booker
(2005),543 U.S. 220, 125 S.Ct. 738, and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 8} Subsequent to the sentencing hearing in the case at bar, the Ohio Supreme Court announced its decision in State v.Foster (Feb. 26, 2006), 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. In Foster the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 9} The Court in Foster found the same infirmity with respect to the procedure employed by a trial court imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and2929.41(A). Id. at paragraph 3 of the syllabus.
 {¶ 10} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court inFoster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 11} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order re-sentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 12} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 13} Accordingly, appellant's sentence is ordered vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
By Gwin, J., Wise, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's sentence is ordered vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision. Costs to appellee.